UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE DISPUTE OVER DISTRIBUTION OF THE ASSETS OF THE ESTATE OF MILDRED ASH,

15-CV-8644 (JPO)

OPINION & ORDER

J. Paul Oetken, United States District Judge:

The United States has moved to dismiss the claim of Ian Williams for failure to prosecute. (Dkt. No. 128.) This motion was joined by Peter Lazare, as trustee of the Jon Edelman trust, and Asher Edelman, as executor of the estate of Mildred Ash. (Dkt. No. 131; Dkt. No. 132.) For the reasons that follow, the motion is granted.

Through this action, the United States seeks to enforce tax liens and judgments against Jon J. Edelman, against property and rights held in trust. On January 9, 2017, the Court granted a motion to withdraw filed by the attorney representing Ian Williams, as trustee of the Aurora Borealis Trust. (Dkt. No. 121.) When replacement counsel failed to appear, the Court deemed Williams as trustee to be in default. (Dkt. No. 125.) The United States now seeks dismissal of Williams' claim, so as to facilitate the settlement of this action. (Dkt. No. 129.)

Under Federal Rule of Civil Procedure 41(b), a defendant may seek dismissal "[i]f the plaintiff fails to prosecute or to comply with th[e Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

> judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, these five factors weigh in favor of dismissal. First, Williams has not filed anything on the docket since June 2016. (*See* Dkt. No. 104.) And Williams' former counsel—whom the Court permitted to withdraw as counsel in January 2017—has not heard from Williams since September 2016. (Dkt. No. 129-1 ¶ 3.) Delay of such duration has been found sufficient to justify dismissal. *See Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672-73 (2d Cir. 2012). Second, Williams has received adequate notice from the Court and from the other parties in this action of the possibility of dismissal resulting from his failure to appear. (*See* Dkt. No. 121; Dkt. No. 125; Dkt. No. 126.) These repeated warnings are more than sufficient to satisfy the notice prong of Rule 41(b). *See, e.g.*, *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005, 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014). Third, the United States, along with Lazare and Edelman, have made clear that further delay is impeding their ability to successfully achieve a settlement of this action. (*See* Dkt. No. 133.) Fourth, the Court's need to manage its docket here outweighs Williams' interest in being heard, especially in light of his disappearance from this action. *See, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Finally, Williams' repeated failure to appear despite repeated notice confirms that lesser sanctions would not be effective.

In light of the foregoing, the motion to dismiss the claim of Ian Williams for failure to prosecute is GRANTED. In light of the parties' letter dated June, 2, 2017, the stay of discovery shall remain in place and the parties shall provide the Court with a further update on the status of the case on or before August 2, 2017. (Dkt. No. 133.)

The Clerk of Court is directed to close the motion at Docket Number 128.


SO ORDERED.

Dated:   June 30, 2017
         New York, New York

_____
J. PAUL OETKEN
United States District Judge